

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-24-2004

# Flemings v. Phila Parking Auth

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3146

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Flemings v. Phila Parking Auth" (2004). *2004 Decisions.* Paper 986.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/986

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-3146
_____

BERTHA FELDER FLEMINGS,

Appellant

v.

PHILADELPHIA PARKING AUTHORITY,

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge: The Honorable Clifford Scott Green
(D.C. Civil No. 01-cv-04613)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 9, 2003

Before: AMBRO, FUENTES & CHERTOFF, <u>Circuit Judges</u>.

(Opinion Filed: February 24, 2004)

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

On September 10, 2001, Bertha Felder Flemings ("Flemings") filed this civil action in the United States District Court for the Eastern District of Philadelphia against her employer, the Philadelphia Parking Authority ("PPA"). Flemings alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Pennsylvania Human Rights Act ("PHRA"). Flemings, a Parking Enforcement Officer, asserted that one of her co-workers, John Lucas, sexually harassed her in January 1997. Flemings' Complaint further alleged that on September 9, 2000, Lucas again harassed Flemings by issuing her a parking ticket after she refused to feed the meter next to where her car was parked. Flemings complains that the PPA failed to adequately remedy the conflict between her and Lucas. On July 19, 2002, the District Court granted the PPA summary judgment on all claims.

We exercise jurisdiction under 28 U.S.C. § 1291 over a final decision of the district court. We exercise plenary review over a district court's grant of summary judgment and review the facts in the light most favorable to the party against whom summary judgment was entered. Morton Int'l., Inc. v. A.E. Staley Mfg. Co., 343 F.3d 669, 679-80 (3d Cir. 2003).[1] Summary judgment is not proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S.

---

[1] There is some authority for the proposition that a trial court's ruling on whether there is a continuing violation is reviewed under the clearly erroneous standard. See Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 481 (3d Cir. 1997). Since plenary review is more favorable to Flemings in this case, however, we need not decide the appropriate standard of review.

317, 322-23 (1986).  At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

After a careful review of the record and the Parties' arguments, we find no basis for disturbing the District Court's well-reasoned opinion.  As the District Court pointed out, Flemings' claims regarding the 1997 incident fall well outside the applicable statutes of limitations (300 days for her Title VII claim, 180 days for her claim under the PHRA).  The District Court also noted that Flemings failed to allege repeated conduct that collectively constituted one unlawful employment practice, which would constitute a continuing violation and toll the limitations period.  The District Court also properly noted that Flemings' claims regarding the September 2000 incident failed to set forth any evidence that the conduct alleged was based on her gender.  Therefore, we will affirm the judgment for substantially the same reasons set forth in the record.

    /s/ Julio M. Fuentes
       Circuit Judge